IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF KANSAS

| | |
|---|---|
| **REGAN HODGES, as representative heir at law; and as the Administrator of the ESTATE OF TIMOTHY HUNT, deceased;** ) ) ) ) **Plaintiff** ) ) v. ) ) **WALINGA USA, INC.** ) **SERVE its registered agent:** ) **S. David Milliken** ) **6332 Robin Hood Ln.** ) **Merriam, KS 66203** ) ) **Defendant.** ) | Case No. _____ **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Reagan Hodges, as representative heir at law and as the duly appointed Administrator of the Estate of Timothy Hunt, deceased, ("Plaintiff"), by and through the undersigned attorneys, and for her Complaint against Defendant Walinga USA, Inc. states and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1. Decedent Timothy Hunt was, at all relevant times, a citizen and resident of the State of Kansas, who died on September 20, 2019, in Sedgwick County, Kansas, as a result of the negligent acts and omissions alleged herein.

2. This wrongful death action is brought by Timothy Hunt's surviving daughter, Reagan Hodges, pursuant to K.S.A 60-1901 Plaintiff, Regan Hodges, is the surviving natural daughter and the oldest of four children who are the only heirs-at-law of the Decedent.

3. Plaintiff is a citizen and resident of Sumner County, Kansas.

4. Plaintiff, Regan Hodges, is also the qualified and duly appointed Administrator of the Estate of Timothy Hunt pursuant to the Letters of Administration entered in Case No. 2020-PR-1684 by the Eighteenth Judicial District Court, Sedgwick County, Kansas – Probate Division, on December 29, 2020.

5. Pursuant to K.S.A. 60-1902, Plaintiff is a member of the statutory class of beneficiaries entitled to bring and recover damages for the wrongful death of her father, Timothy Hunt.

6. The Decedent was not married at the time of his death.

7. In addition to Regan Hodges, the Decedent's other three children and heirs at law are as follows:

   a. E. H., a minor child who resides with his natural mother and guardian Danae Buoy, and is a citizen of Kansas and resident of Sedgwick County, Kansas.

   b. E. H., a minor child, who resides with his natural mother and guardian Danae Buoy, and is a citizen of Kansas, and resident of Sedgwick County, Kansas.

   c. E. H., a minor child, is an heir at law of Decedent residing with his natural mother and guardian Danae Buoy, and is a citizen of Kansas, and Sedgwick County, Kansas.

8. Defendant Walinga USA, Inc. (hereinafter "Walinga") is a Michigan corporation that is registered to do business in the State of Kansas.

9. Defendant Walinga USA, Inc is subject to the general jurisdiction of this Court, in that it is a corporation conducting substantial business within the State of Kansas by maintaining continuous and systematic contacts with the State of Kansas, including, but not limited to:

   a. Walinga USA, Inc. sells and delivers to sell its grain vacs and other equipment to persons, firms, or corporations via its distributors, dealers, wholesalers, brokers and others with knowledge or reason to foresee that said Walinga grain vacs and other equipment would be shipped and used in interstate commerce and would reach the market of Kansas users or consumers;

    b. Walinga USA, Inc. utilizes authorized dealers throughout the state of Kansas to sell Walinga grain vacs and other equipment that it has injected into the stream of commerce with knowledge or reason to foresee that said sell Walinga grain vacs and other equipment would be sold in the state of Kansas;

    c. Walinga USA, Inc. utilizes authorized service centers throughout the State of Kansas to service Walinga grain vacs and other equipment that it has injected into the stream of commerce with knowledge or reason to foresee that said sell Walinga grain vacs and other equipment would be serviced in the State of Kansas;

    d. Walinga USA, Inc utilize authorized parts distributors throughout the State of Kansas to sell replacement parts for Walinga grain vacs and other equipment that they have injected into the stream of commerce with knowledge or reason to foresee that said replacement parts would be purchased and/or installed in Walinga grain vacs and other equipment in the state of Kansas;

    e. Walinga USA, Inc transports new Walinga grain vacs and other equipment on Kansas highways and railways for distribution throughout the state of Kansas and the United States; and,

    f. Walinga, USA Inc. transports used Walinga grain vacs and other equipment on Kansas highways and railways for distribution throughout the state of Kansas and the United States.

10. Walinga, USA Inc.'s business contacts with the State of Kansas are so continuous and systematic as to render them essentially at home in Kansas, and as such, this Court may exercise general jurisdiction over Walinga, USA Inc.

11. Walinga, USA Inc. has purposely availed itself of the privilege of conducting business in the state of Kansas and has thereby consented to the jurisdiction of this Court. Walinga, USA Inc.'s conduct and connection with the state of Kansas are such that they could reasonably anticipate being hauled into a court in the State of Kansas.

12. Defendant Walinga, USA Inc. is subject to the specific jurisdiction of this Court in that the Walinga Agri-Vac Model 6614 grain vacuum system that was involved in the incident that is the subject of this case:

    a. Was designed and manufactured by Walinga USA Inc.;

b. Upon information and belief, was sold in the state of Kansas;

c. Was utilized within in the state of Kansas; and,

d. Caused injury to and the death of Decedent in the state of Kansas.

13. Defendant Walinga purposely availed itself of the privilege of conducting business in the State of Kansas and has thereby consented to the jurisdiction of this Court. Defendant Walinga's conduct and connection with the State of Kansas are such that it could reasonably anticipate being hauled into a court in the State of Kansas.

14. Defendant Walinga committed tortious acts in the State of Kansas as set forth in this petition and it subject to personal jurisdiction in the State of Kansas.

15. Defendant Walinga, through the acts of its employees or agents, has further submitted itself to the jurisdiction of this Court pursuant to Kansas long-arm statute, K.S.A. 60-308 in that it transacts business in this state and committed a tortious act in this state.

16. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred within this judicial district. Moreover, under 28 U.S.C. §1391(b)(3) venue in this Court is proper as Defendant Walinga is subject to the Court's personal jurisdiction.

**GENERAL ALLEGATIONS**

17. Defendant Walinga is engaged in the design, manufacture, distribution and sale of the Walinga Agri-Vac Model 6614 grain vacuum system (the "Subject Grain Vac") involved in the incident giving rise to Plaintiff's Petition.

18. In simple terms, the Subject Grain Vac uses a powerful suction to vacuum grain through a hose to the place where it is to be discharged, in this case, in another tractor-trailer.

19. On or about September 20, 2019, Decedent was instructed by his employer to unload grain from the back of a 2006 Timpte Grain Trailer ("the Trailer").

20. At approximately 11:15 a.m. on September 20, 2019, Decedent was observed beginning to operate the Subject Grain Vac while standing in the back of the Trailer.

21. At all relevant times, Decedent was operating the Subject Grain Vac in a manner reasonably anticipated and intended by Defendant Walinga.

22. Decedent was found buried beneath a load of corn inside the Trailer at 12:12 p.m.

23. At the time he was found, Decedent was not breathing.

24. Upon information and belief, while Decedent was operating the Subject Grain Vac, the grain in the trailer had given way under his feet, and he sank into the grain, causing Decedent to become totally submerged in the grain and suffocate.

25. Emergency responders pronounced Decedent dead at the scene.

26. Decedent's death was due to grain suffocation caused by the negligence of Defendant Walinga as set forth herein.

27. The Subject Grain Vac was not equipped with a safety feature by which Decedent could turn off its suction, such as a manually operated emergency shut-off valve at the nozzle, or a sensor with automatic shut-off.

28. The Subject Grain Vac was assembled, installed, marketed, distributed, and sold without adequate warnings and/or other proper notice to alert uses regarding the hazardous condition, as herein described, involving its use and operation.

29. As a result of the negligence of Defendant Walinga and the unreasonably dangerous condition associated with the Subject Grain Vac, Decedent suffered severe physical, mental, and

emotional pain and suffering between the time of his injury and his death due to suffocation from being engulfed in grain, for which Decedent might have maintained an action had he lived.

30. As a result of the negligence of Defendant Walinga, and the unreasonably dangerous conditions associated with the Subject Grain Vac, Plaintiff suffered damages a result of the injury and death of Decedent as follows:

      a. Funeral expenses;

      b. The physical, mental, and emotional pain and suffering endured by Decedent between the time of his injury and his death;

      c. Loss of parental care, training, guidance, education, or protection;

      d. Loss of earnings Decedent would have provided;

      e. Expenses for the care of Decedent caused by the injury;

      f. Past, present, and future mental anguish, suffering and bereavement;

      g. Loss of society, loss of comfort and loss of companionship of Decedent;

      h. Loss of enjoyment of life; and

      i. Emotional distress.

## **COUNT I—STRICT LIABILITY**

31. Plaintiff hereby incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

32. At Walinga USA, Inc. designed, manufactured, tested, marketed, distributed, inspected, sold, and serviced grain vacuums, including Subject Grain Vac, in the ordinary course of business.

33. At the time the Subject Grain Vac left the control of Defendant Walinga USA, Inc, it was defective and unreasonably dangerous in several respects, including but not limited to the following:

    a. The Subject Grain Vac was assembled, installed, marketed, distributed, and sold without a manually operated emergency shut-off valve at the nozzle;

    b. The Subject Grain Vac was assembled, installed, marketed, distributed, and sold without a sensor with automatic shut-off at the nozzle; and

    c. The Subject Grain Vac was assembled, installed, marketed, distributed, and sold without adequate warnings and/or other proper notice to alert uses regarding the hazardous condition, as herein described, involving its use and operation.

34. The Subject Grain Vac was expected to and did reach the hands of the owner without substantial change or modification and was in substantially the same condition on or about September 20, 2019, as it was when it left the possession and control of Defendant Walinga.

35. At all times pertinent, the Subject Grain Vac was used in a manner reasonably anticipated and intended by Defendant Walinga USA, Inc.

36. Defendant Walinga USA, Inc. knew or should have known that the Subject Grain Vac would be used without inspection for defects, and it represented that the Subject Grain Vac would be used without inspection for defects, and it represented that the Subject Grain Vac could be safely used for the ordinary purpose for which it was purchased. Defendant Walinga USA, Inc knew or should have known that the Subject Grain Vac was defectively designed or defectively manufactured in the particular respects as set forth above.

37. Furthermore, the Subject Grain Vac was in a defective and unreasonably dangerous condition in that it failed to give Decedent fair and adequate notice of the danger and possible consequences of using the Subject Grain Vac in the intended and appropriate manner.

38. As a direct and proximate result of the defective condition and unreasonably dangerous nature of the Subject Grain Vac, Decedent and his heirs at law sustained damages and losses set forth hereinbelow at Damages.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant Walinga for a

reasonable sum of damages as will fairly and justly compensate Plaintiff together with interest and costs herein incurred, and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT II – NEGLIGENCE

39. Plaintiff hereby incorporates by reference the allegations set forth above in the foregoing paragraphs as though more fully set forth herein.

40. Prior to September 20, 2019, Defendant Walinga USA, Inc. marketed, distributed, inspected, sold the Subject Grain Vac, in the ordinary course of its business.

41. At all times relevant hereto, Defendant Walinga USA, Inc. was actively engaged in the business of designing, manufacturing, marketing, warranting, distributing, and selling grain vacs like the Subject Grain Vac.

42. As a farm equipment designer, manufacturer, distributor, and seller, Defendant Walinga USA, Inc. knew that users of the Subject Grain Vac could become engulfed in grain without a safety feature that enabled the operator to turn off the suction to the Subject Grain Vac such as a manually operated shut-off valve at the nozzle or a sensor with automatic shut off.

43. Defendant Walinga USA, Inc. had a duty to exercise reasonable care in the design, testing, manufacture, and sale of the Subject Grain Vac.

44. Defendant Walinga USA, Inc. breached its duty to exercise reasonable care in the design, testing, manufacture, and sale of the Subject Grain Vac in multiple respects, including but not limited to:

   a. The Subject Grain Vac was assembled, installed, marketed, distributed, and sold without a manually operated emergency shut-off valve at the nozzle;

   b. The Subject Grain Vac was assembled, installed, marketed, distributed, and sold without a sensor with automatic shut-off at the nozzle; and

  c. The Subject Grain Vac was assembled, installed, marketed, distributed, and sold without adequate warnings and/or other proper notice to alert uses regarding the hazardous condition, as herein described, involving its use and operation.

45. The Subject Grain Vac was unreasonably dangerous and defective for normal, foreseeable, and reasonably anticipated use by because of its unreasonably dangerous, unsafe, and defective design, manufacture, testing, marketing, inspection, servicing, and distribution.

46. At all relevant times, the Subject Grain Vac was used in a manner reasonably anticipated and intended by Defendant Walinga USA, Inc.

47. As a direct and proximate result of the defective condition and unreasonably dangerous nature of the Subject Grain Vac, Decedent and his heirs sustained damages and losses set forth below.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant Walinga for a reasonable sum of damages as will fairly and justly compensate Plaintiff together with interest and costs herein incurred, and for such other and further relief as the Court may deem just and proper under the circumstances.

## **DAMAGES**

48. Plaintiff incorporates herein by reference all paragraphs above as though fully set forth herein.

49. Damages recoverable by the Administrator of the Estate of Timothy Hunt for the benefit of his heirs at law pursuant to K.S.A. 60-1801 et seq. (Survival Action) include the following:

  a. Funeral expenses;

  b. Severe physical, conscious pain, suffering and mental anguish between the time of the Decedent's injury and his death; and

  c. Medical expenses.

50.     Damages recoverable by the heirs at law of Timothy Hunt pursuant to K.S.A. 60-1901 et seq. (Wrongful Death) include the following:

a. Loss of parental care, training, guidance, education, or protection;

b. Loss of earnings Decedent would have provided;

c. Expenses for the care of Decedent caused by the injury;

d. Reasonable funeral expenses;

e. Past, present, and future mental anguish, suffering and bereavement;

f. Loss of society, loss of comfort and loss of companionship of Decedent; Loss of enjoyment of life.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues in this action so triable and requests that such trial occur at Wichita, Kansas.

Respectfully submitted,

LANGDON & EMISON, LLC

By:   s/Brennan B. Delaney
      Brennan B. Delaney,
      D. Kan. Bar #000831
      911 Main Street, P.O. Box 220
      Lexington, MO 64067
      Telephone: (660) 259-6175
      Facsimile: (660) 259-4571
      brennan@lelaw.com
      ATTORNEYS FOR PLAINTIFF