UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| REGAN HODGES, as representative heir at law; and as the Administrator of the Estate of Timothy Hunt, deceased, <br><br> Plaintiff, <br><br> v. <br><br> WALINGA USA, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 21-1090-EFM-GEB ) ) ) ) ) ) |

## ORDER

This matter is before the Court on Defendants Walinga USA, Inc., and Walinga, Inc.'s Motion for the Entry of a Protective Order. (**ECF No. 32**.) The Court has considered the parties' respective positions set forth in Defendants' motion and Plaintiff's timely response (ECF No. 35) and is now prepared to rule. For reasons set forth below, the Court **GRANTS** Defendants' Motion for Entry of a Non-Sharing Protective Order.

**I.     Background[1]**

The parties agree a protective order is needed, and they have worked together in an attempt to agree on a single document governing the protection of the documents to be

---

[1] Unless otherwise noted, the information recited in this section is taken from the parties' pleadings (Plaintiff's Complaint, ECF No. 1; Amended Complaint, ECF No. 15; Second Amended Complaint, ECF No. 30, and Defendants' Answers, ECF Nos. 8, 18, 19), the parties' Planning Report (maintained in chambers file), and the briefing regarding the instant motion (ECF Nos. 32, 35). This background information should not be construed as judicial findings or factual determinations.

exchanged in this case. A brief description of the matter is helpful in putting the issues into context.

This is a product liability case arising out of a grain engulfment accident. On September 20, 2019, Plaintiff's father, Timothy Hunt, died after being buried under a load of corn inside a grain trailer. Plaintiff claims Defendants designed, manufactured, tested, marketed, distributed, sold, and/or delivered for sale a Walinga Agri-Vac Model 6614 grain vacuum product that was involved in the incident. Plaintiff asserts a wrongful death claim for damages under theories of strict product liability and negligence. Defendants deny liability for Plaintiff's claims and assert her claims are barred or reduced by the fault of others, including but not limited to Timothy Hunt and his employer/supervisors.

Following the filing of the initial pleadings in this case, on October 20, 2021, the Court entered a Scheduling Order (ECF No. 27), setting out deadlines for the parties to either submit a joint protective order or brief the issue in the event they could not present an agreed order. Defendants timely filed their motion after the parties were unable to come to agreement on all portions of the proposed order.

## II.     Stipulated Protective Order Dispute

Although the parties agree on most of the provisions of the proposed Protective Order, they disagree on whether such an order should include provisions which permit Plaintiff's counsel to utilize discovery in this case in other cases against Defendants in which "personal injuries or death are alleged to arise from a defective or unreasonably dangerous grain vacuum system, provided they have signed the Agreement" attached to the order. (ECF No. 32-2 at 1.) Plaintiff suggests language in several segments of the

proposed Order which allow her counsel to share information with "attorneys representing parties and the experts and consultants retained by the plaintiff(s) in other" such cases against Defendants. These are so-called "sharing provisions," which have been addressed by the Court on prior occasions.

### A.   Arguments of the Parties

Defendants maintain Plaintiff contemplates retention and/or use of confidential and non-public information even in unknown future cases. Defendants contend the sharing language proposed by Plaintiff is not narrowly tailored and is overly broad for purposes of this case.[2] They ask the Court to approve their proposed protective order, which follows the District of Kansas model form and guidelines and does not include such sharing language.

Plaintiff primarily argues "sharing protective orders promote efficiency and deter discovery abuse and fraud, while adequately protecting the confidential nature of the information" and contends it is "appropriate for a protective order to allow sharing between litigants that have similar pending claims in order to preserve judicial resources and streamline the discovery process.."[3] Plaintiff cites both Fed. R. Civ. P. 1 and 26, along with the corresponding Kansas state civil rules, to reason that sharing orders promote the speedy and inexpensive determination of lawsuits, while non-sharing orders "swim upstream against these rules."[4] Plaintiff cites opinions from other jurisdictions and secondary sources

---

[2] Defs.' Motion, ECF No. 32 at 2.
[3] Pl.'s Resp., ECF No. 35 at 2.
[4] ECF No. 35 at 4.

3

to support her arguments.[5] She cites only a single 2007 opinion, *Cowan v. Gen, Motors Corp.*,[6] where a Kansas federal court permitted such a provision.

She notes three benefits to including such provisions in protective orders: 1) they reduce the cost of the discovery process; 2) they allow a more level playing field between manufacturers, who likely direct nationwide counsel, and claimants with fewer resources; and 3) they encourage accuracy in discovery by ensuring a full disclosure by manufactures who recognize their responses will be verified through other litigation.[7] Plaintiff also contends her proposal adequately protects Defendants' proprietary or confidential information, because any sharing would occur only between counsel who are investigating or pursuing a similar claim of a defective Walinga grain vacuum, and sharing with Defendants' competitors is prohibited under the proposed terms and required attached Agreement, which other counsel receiving information would be required to execute.[8]

**B.    Analysis**

As the parties are aware, Fed. R. Civ. P Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."[9] In this instance, the Court in its discretion adopts the reasoning of the Defendants.

---

[5] *Id.* (citing, *inter alia*, *Patterson v. Ford Motor Co.*, 85 F.R.D. 152 (W.D. Tex. 1980); *Williams v. Johnson & Johnson*, 50 F.R.D. 31 (S.D.N.Y. 1970); *Koval v. General Motors Corp.*, 610 N.E.2d 1199 (Ohio Com. Pl. 1990); Miller, Arthur, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 497 (1991); and, *inter alia*, Manual for Complex Litigation, Fourth Edition, § 20.14).
[6] *Cowan v. Gen, Motors Corp.*, 06-1330-MLB, 2007 WL 1796198 (D. Kan. June 19, 2007)
[7] ECF No. 35 at 6-7.
[8] *Id.* at 8.
[9] *Hilton v. Sedgwick County*, *Kan.*, No. 15-2021-JAR, 2015 WL 3904362, at *1 (D. Kan. June 25,

As noted in the 2020 case of *Butler v. Daimler Trucks North America LLC*,[10] "jurisdictions appear to be split on whether sharing provisions are appropriate or useful. In the District of Kansas, however, judges have consistently rejected the inclusion of sharing provisions in protective orders."[11] In *Butler*, plaintiffs proposed a sharing provision that would allow their "counsel to share confidential information with lawyers involved in pending and contemplated lawsuits" against defendant involving similar product-liability claims.[12] The court found the "preemptive and broad sharing provision requested by plaintiffs ill-advised at [such] early stage of the case" and did not approve it. However, the court noted if the plaintiff found, as the case developed, good cause for sharing specific information produced by defendant with a specific third party, they could file a "targeted motion . . . seeking limited relief from the protective order," which would permit the defendant an opportunity to respond.[13]

In fact, judges in the District of Kansas have largely disallowed the inclusion of sharing provisions in protective orders. For example, in *McKellips v. Kumho Tire Co., Inc.*,[14] the plaintiff sought inclusion of a sharing provision which was limited to other pending cases. However, much as in this case, plaintiffs' counsel could not point to any

---

2015) (internal quotations and citations omitted).
[10] *Butler v. Daimler Trucks North America LLC,* No. 19-2377-JAR-JPO, 2020 WL 128052, at *1 (D. Kan. Jan. 10, 2020).
[11] *Id*. at *2.
[12] *Id.* at *1 (internal quotations omitted).
[13] *Id*. at *4.
[14] *McKellips v. Kumho Tire Co., Inc.,* No. 13-2393-JTM-TJJ, 2014 WL 3541726, at *1 (D. Kan. July 17, 2014).

specific pending case against defendants involving the same defect.[15] The court referred to the proposed provision as a "'preemptive' sharing provision," and reasoned as follows:

> It would essentially allow discovery of Defendants' designated confidential information by as-yet unnamed plaintiffs or potential plaintiffs in collateral litigation without any court supervision and without any opportunity for Defendants to object to the disclosure. Plaintiffs' proposed sharing provision would give Plaintiffs' counsel the sole discretion to decide which attorneys met the criteria for disclosure of Defendants' confidential information. It does not require any advance notice be given to Defendants of those being provided confidential information, or any opportunity for Defendants to object in advance of the disclosure.[16]

In *McKellips*, the court was not persuaded by plaintiffs' arguments that a sharing provision was appropriate. It concluded if the plaintiffs became aware of similar product liability cases against defendants, they could raise the sharing provision, and the court would consider it on a case-by-case basis.[17]

Plaintiff cites for support *Cowan v. General Motors Corp.*,[18] where the court addressed the parties' dispute over a protective order, which included a proposed sharing provision. But this Court finds *Cowan* distinguishable. Similar to this case, in *Cowan*, plaintiff's proposed protective order allowed for "information deemed confidential [to] be 'disclosed to any attorney representing plaintiffs and the experts and consultants retained by plaintiffs or their attorneys' if such other litigation involved a 'substantially similar'

---

[15] *Id*. (proposed sharing provision allowed for disclosure to "[a]ny attorney representing a party in a personal injury or wrongful death case" against the defendants).
[16] *Id.*
[17] *Id.* at *2; *see also Hilton v. Sedgwick County, Kan.*, Case No. 15-2021-JAR-KMH, 2015 WL 3904362 (D. Kan. June 25, 2015) (granting defendants' motion for a protective order without a sharing provision).
[18] *Cowan v. General Motors Corp.*, No. 06-1330-MLB-DWB, 2007 WL 1796198 (D. Kan. June 19, 2007).

6

product and issue and if such attorney executed an affidavit 'agreeing to be bound by the terms' of the Protective Order to be entered in [that] case."[19] But the court rejected plaintiff's proposal. The court noted it did not "see how the method for dissemination to counsel in similar cases would assist Plaintiff in prosecuting" the case before it.[20] Instead, the court adopted the procedure requested and agreed to by the defendant. Defendant was "*not opposed* to the distribution of its confidential information to other plaintiffs' counsel handling similar claims" but proposed having any attorney involved in other litigation to first contact defendant's counsel, "who could then determine if such other litigation involved a 'substantially similar' product and issues."[21] No such proposal or agreement exists in the situation before this Court. Rather, the proposed sharing provision here permits Plaintiff's counsel to be the gatekeepers of what information would be disseminated.

### C. Conclusion

The cases cited by Plaintiff are either non-binding on this Court or distinguishable. Plaintiff's counsel alludes to no similarly-situated pending litigation. Plaintiff's proposed sharing provision would apply to unknown potential litigants and would give her counsel sole control over which attorneys meet the criteria for disclosure of Defendants' confidential information. The sharing provision suggested by Plaintiff takes control away from Defendant and this Court. Defendants' rationale for rejecting the sharing provisions is more in line with the reasoning of magistrate judges in the District of Kansas, in cases

---

[19] *Id.* at *3 (quoting the plaintiff's proposed protective order, ECF No. 16, Ex. B at 3).
[20] *Id.* at *4.
[21] *Id*. at *3.

such as *Butler*[22] and *McKellips*,[23] discussed above, and in *Hilton v. Sedgwick County, Kansas*.[24] For these reasons, the Court **GRANTS** Defendants' motion and excludes Plaintiff's proposed sharing provision from the protective order.

For the reasons set forth above, IT **IS THEREFORE ORDERED** that Defendants' Motion for the entry of their proposed Protective Order (**ECF No. 32**) is **GRANTED**. Defendants proposed Protective Order will be filed separately by the Court.

**IT IS SO ORDERED.**

Dated November 19, 2021, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[22] *Butler,* 2020 WL 128052, at *1.
[23] *McKellips,* 2014 WL 3541726, at *1.
[24] *Hilton v. Sedgwick County*, *Kan.*, No. 15-2021-JAR-KMH, 2015 WL 3904362, at *1 (D. Kan. June 25, 2015) (denying the plaintiff's request to enter a protective order with a sharing provision).