# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| REGAN HODGES, as representative heir at Law; and as Administrator of the ESTATE OF TIMOTHY HUNT, deceased, | |
| *Plaintiff,* | |
| vs. | Case No. 21-CV-01090-EFM-GEB |
| WALINGA USA INC. and WALINGA, INC., | |
| *Defendants.* | |

## MEMORANDUM AND ORDER

Plaintiff Regan Hodges, as representative heir at law and as the duly appointed Administrator of the Estate of Timothy Hunt, brings this action against Defendants Walinga USA Inc. and Walinga, Inc., asserting claims of strict liability and wrongful death under Kansas law. This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. 51). Defendants argue that Plaintiff's claims are barred by the one-action rule because Plaintiff already pursued a separate arbitration action against Decedent Timothy Hunt's employer, Butts Farms, for damages arising from the same accident at issue in this case. Kansas law requires a prior judicial determination of comparative fault for the one-action rule to apply.[1] But, the Kansas courts have not addressed whether a prior arbitration proceeding meets this requirement. Because of the lack

---

[1] *Mick v. Mani*, 244 Kan. 81, 766 P.2d 147, 156 (1988).

of guidance on this dispositive legal issue, the Court exercises its discretion to certify questions to the Kansas Supreme Court under K.S.A. § 60-3201. The Court also holds Defendants' Motion for Summary Judgment in abeyance until these questions are resolved.

## I.     Factual and Procedural Background

Timothy Hunt died in a grain engulfment accident on September 20, 2019, while operating a Walinga Agri-Vac grain vacuum (the "Grain Vac") at Butts Farm. On April 2, 2021, Hunt's daughter, Plaintiff Regan Hodges, filed this lawsuit against Defendants for strict liability and wrongful death and seeking damages under Kansas law for Hunt's personal injuries and death. Plaintiff did not name Butts Farm or attempt to join Butts Farm in this action. Instead, on July 26, 2021, Plaintiff and Hunt's other heirs at law entered into an arbitration agreement with Bryson Butts, Kurt Butts, Forrest G. Butts Revocable Trust, Delva J. Butts Recovable Trust, Carol Butts Jones, Bradley Butts, Butts' Farm, LLC, Butts Brothers, and any partnerships involved in the Butts Farms (collectively "Butts Farms"). Pursuant to this agreement, Plaintiff and Hunt's other heirs at law pursued an arbitration action against Butts Farms for damages arising out of Hunt's injuries and death.

The Arbitrator conducted a full evidentiary hearing on the parties' claims and defenses on August 5, 2021. The Arbitrator then issued an arbitration award applying "current and relevant Kansas substantive law." The arbitration award contained specific findings of fact and conclusions of law in favor of Plaintiff and Hunt's other heirs at law and against Butts Farms. Specifically, the arbitration award included the following findings:

> 21. As Timothy Hunt's employer, Butts Farms had a duty not to expose him in the discharge of his employment to dangers against which Butts Farms could have guarded against by exercising reasonable care.

22.  Butts Farms failed to exercise reasonable care in guarding Timothy Hunt against the dangers present in operating the Grain Vac . . . .

23.  As Timothy Hunt's employer Butts Farms had a duty to exercise reasonable care in providing safe and suitable machinery to work with and a safe place to work.

24.  Butts Farms failed to exercise reasonable care in providing safe and suitable machinery for Timothy Hunt in that it provided him the Walinga Agri-Vac Model 6614 grain vacuum system that was defective and unreasonably dangerous . . . .

25.  Butts Farms failed to exercise reasonable care in providing Timothy Hunt a safe place to work in that it required him to use the Grain Vac to remove corn while he was standing on top of it and without supervision or safety equipment necessary to prevent him from becoming entrapped in the corn.

26.  Bryson Butts as the partner of Butts Farms instructed Timothy Hunt to operate the Grain Vac and had a duty to exercise reasonable care in providing such instruction in furtherance of Butts Farms' farming operations.

27.  Bryson Butts failed to exercise reasonable care in instructing Timothy Hunt to operate the Grain Vac . . . .

28.  Bryson Butts and the other partners of Butts Farms are all jointly and several liable for any act or omission made by any other partner in furtherance of the Butts Farms' business.

29.  As a result of the acts and omissions of Butts Farms, collectively, and Bryson Butts, individually, Timothy Hunt became entrapped in the corn he was attempting to remove.

The arbitration award included a specific finding that the Butts Farms' partners and entities collectively, and Bryson Butts, individually, were negligent and that said negligence "directly and proximately caused or contributed to cause Claimants to suffer damages."  After finding for Plaintiff and Hunt's other heirs at law and against Butts Farms, the arbitrator awarded damages in the amounts of: (1) $5 million for past non-economic damages and for the conscious pain and suffering Hunt experienced before his death; (2) $7 million for economic damages for Hunt's wrongful death, including loss of parental care, training, guidance, education, and protection; loss of earnings; and reasonable funeral expenses; and (3) $250,000 for noneconomic damages

including mental anguish, suffering or bereavement; and loss of society, loss of comfort, or loss of companionship.

On August 10, 2021, Plaintiff filed an Application to Confirm Arbitration Award in the Circuit Court of Lafayette County, Missouri.  On August 17, a Final Judgment and Order Confirming Arbitration Award, which incorporated the findings of fact and conclusions of law set forth in the arbitration award, was entered against Butts Farms in the Circuit Court of Lafayette County, Missouri.  Butts Farms did not appeal the final judgment.

Plaintiff continued litigating her case against Defendants during the arbitration against Butts Farms.  Defendants now move for summary judgment on Plaintiff's claims based on the one-action rule under Kansas law.  Defendants argue that because there has been a determination of fault against Butts Farms for Hunt's injuries and death arising out of the grain-engulfment accident and because that determination of fault by the arbitrator was confirmed by final judgment, Plaintiff is barred from bringing a separate action against Defendants.

## II.      Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[2]  A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[3]  The movant bears

---

[2] Fed. R. Civ. P. 56(a).

[3] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) *overruled on other grounds by Bertsch v. Overstock.com*, 684 F.3d 1023, 1029 (10th Cir. 2012).

the initial burden of proof and must show the lack of evidence on an essential element of the claim.[4]

If the movant carries its initial burden, the nonmovant may not simply rest on its pleading but must

instead "set forth specific facts" that would be admissible in evidence in the event of trial from

which a rational trier of fact could find for the nonmovant.[5]  These facts must be clearly identified

through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone

cannot survive a motion for summary judgment.[6]  The Court views all evidence and "reasonable

inferences in the light most favorable" to the party opposing summary judgment.[7]

### III.    Analysis

Defendants seek summary judgment on Plaintiff's claims based on the Kansas one-action

rule.  "The Kansas one-action rule is a judicially-developed concept that has been articulated

through case law interpreting the Kansas comparative negligence statute, K.S.A. § 60-258a."[8]

Under the rule, "all negligence claims arising out of one occurrence [must] be determined in one

action."[9]  The purpose of the rule is "to ensure that all parties against whom a claim of comparative

negligence could be made were joined in the same action so that one judicial determination of

comparative fault could be rendered."[10]

---

[4] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 325 (1986)).

[5] *Id.* (quoting Fed. R. Civ. P. 56(e)).

[6] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).

[7] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (further citation and quotations omitted).

[8] *McCormick v. City of Lawrence*, 325 F. Supp. 2d 1191, 1208 (D. Kan. 2004).

[9] *Id.*  (citing *Mick v. Mani*, 244 Kan. 81, 766 P.2d 147 (1988)).

[10] *Id.* (citing *Eurich v. Alkire*, 224 Kan. 236, 579 P.2d 1207, 1209 (1978)).

The most-recent Kansas Supreme Court case discussing the one-action rule is *Mick v. Mani*.[11]  The plaintiff in *Mick* filed two personal injury lawsuits in different Kansas district courts on the same day.[12]   In the first action, the plaintiff asserted products liability claims against Bethlehem Steel and other defendants based on an oilfield accident and sought recovery for all of his damages arising from the accident.[13]   In the second action, the plaintiff sued three physicians, including Dr. Mani, for medical malpractice seeking recovery for the same damages.[14]   After all the defendants except Bethlehem Steel were dismissed from the first action, the case proceeded to trial where the jury returned a verdict finding no fault on the part of Bethlehem Steel.[15]   The jury did not compare Dr. Mani's fault.[16]   After the trial of the first action, Dr. Mani moved for summary judgment based on the one-action rule, and the district court granted his motion.[17]

On appeal, the Kansas Supreme Court affirmed the district court's decision.[18]   The court held that "a plaintiff may pursue separate actions against tortfeasors where there has been no judicial determination of comparative fault."[19]   Accordingly, "the exceptions to the one-action rule arise when there has been no prior judicial determination of fault."[20]   The court further stated that

---

[11] 244 Kan. 81, 766 P.2d 147 (1988).

[12] *Id*. at 148.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*. at 149.

[18] *Id*. at 156.

[19] *Id*.

[20] *Id*.

"the one-action rule should, perhaps, more accurately be described as the one-trial rule"[21]  Because the jury had the plaintiff's entire claim of damage before it and concluded that the defendant was not at fault, the court found that the first action was a determination of comparative fault.[22]  Even though "the jury did not have Dr. Mani in the action for comparison," when that verdict became final, the plaintiff's entire damage claim also ended because the plaintiff had already presented it to the jury.[23]  Thus, the court found the plaintiff's claim against Dr. Mani was barred by the one-action rule.[24]

Defendants argue that *Mick* supports the application of the one-action rule here.  According to Defendants, Plaintiff could have brought her claims against Butts Farms in this action but instead chose to pursue arbitration.  Defendants point out that the arbitration involved a full evidentiary hearing on the parties' claims and defenses, findings of negligence and a determination of fault, and an award of damages against Butts Farms.  They also point out that the arbitration award was confirmed and reduced to final judgment in the Circuit Court of Lafayette County, Missouri.  Accordingly, Defendants argue that the arbitration action was a "judicial determination of comparative fault," and Plaintiff's claims are barred.

In response, Plaintiff argues that the one-action rule does not apply because the arbitration action was not a judicial determination of comparative fault.  Plaintiff argues this case is analogous to two Kansas Supreme Court cases decided just months prior to *Mick*—*Mathis v. TG &Y*[25] and

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *See id.* at 156–57.

[25] 242 Kan. 789, 751 P.2d 136 (1988).

*Childs by & through Harvey v. Williams*.[26]  According to Plaintiff, under *Mathis* and *Childs*, the one-action rule only applies when there has been a comparison of fault amongst all the tortfeasors, and because the arbitrator did not compare the fault of Hunt, Butts Farms, Defendants, and any other tortfeasor in the grain-engulfment accident, her claims are still viable.

In *Mathis*, the plaintiff hit his head on a loose door closure while leaving a TG & Y store causing personal injury.[27]  The plaintiff sued TG & Y and three other defendants.[28]  While this suit was pending, the plaintiff filed a second lawsuit, arising out of the same set of facts, against two other defendants.[29]  The plaintiff then settled the second suit, and the trial court dismissed it with prejudice.[30]  TG & Y then moved to dismiss the first suit, claiming that the second suit's dismissal precluded the plaintiff from proceeding in the first suit.[31]  The trial court found that the plaintiff had violated the one-action rule and dismissed the case.[32]  The Kansas Supreme Court, however, reversed the district court's decision.[33]  It ruled in favor of the plaintiff reasoning:

> [I]t was never the intent of the legislature or this court to place form over substance and preclude a plaintiff from proceeding against a tortfeasor where there has been no judicial determination of comparative fault.  Mathis has been denied his action. TG & Y is not prejudiced by allowing the suit to proceed.  It may join other defendants for the purpose of comparing negligence at trial.[34]

---

[26] 243 Kan. 441, 757 P.2d 302 (1988).

[27] *Mathis*, 751 P.2d at 136–37.

[28] *Id*. at 137.

[29] *Id*.

[30] *Id*.

[31] *Id*.

[32] *Id*.

[33] *Id*. at 139.

[34] *Id*.

In *Childs*, a minor, was injured in a car accident.[35]   The child's mother negotiated a settlement with the driver of the car in which her daughter was riding, and then filed a negligence lawsuit against the driver to reduce the settlement to judgment with court approval.[36]   The driver immediately answered and agreed to a friendly hearing.[37]   The district court entered judgment against the driver.[38]   No determination of comparative fault was made.[39]   Childs subsequently filed another lawsuit against Williams, the driver of the other car in the accident.[40]   The district court dismissed the second action against the driver based on the one-action rule, and the Kansas Court of Appeals affirmed the dismissal.[41]   But the Kansas Supreme Court reversed, relying on its holding in *Mathis* that "each plaintiff must be allowed a trial judicially determining comparative fault, regardless of whether the plaintiff had the opportunity to do so earlier in one action."[42]   The court found no distinction between the facts before it and *Mathis*.[43]   Because there was no judicial determination of comparative fault in Child's first action, the court found that the one-action rule did not apply.[44]

---

[35] *Childs*, 757 P.2d at 303.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* at 304.

[43] *Id.*

[44] *Id.* (internal citation omitted).

Although Plaintiff contends that *Mathis* and *Childs* require a comparison of fault amongst all tortfeasors for the one-action rule to apply, the Court disagrees. *Mick*, which was decided after *Mathis* and *Childs*, precludes this argument. In *Mick*, the court expressly noted that Dr. Mani was not in the first action for comparison. However, it still found that the one-action rule barred the plaintiff's claims because the plaintiff's entire damage claim was presented to the jury in the first action, and the jury's verdict was final.[45]

Here, it is undisputed that the arbitrator found Butts Farms negligent and at fault for Hunt's injuries and death arising from the grain-engulfment accident. If this finding would have been made by a judge or jury, then Plaintiff's claims would be barred by the one-action rule as set forth in *Mick*. But, because this finding was made in the context of an arbitration proceeding, the Court cannot conclude outright that the one-action rule bars Plaintiff's claims. The Kansas courts have not addressed how the one-action rule applies in the context of arbitration. Although an evidentiary hearing in an arbitration proceeding shares many similarities to a trial, they are not the same. Nor is an arbitration award the same as a judicial adjudication or district court judgment. With no guidance from the case law as to how to resolve these differences, the Court struggles to apply the one-action rule in this case. Simply put, the Court does not know whether, under Kansas law, an arbitration proceeding involving only one potential tortfeasor constitutes a judicial determination of comparative fault.

Further complicating the issue is the fact that the arbitration award in this case was confirmed by final judgment in the Circuit Court of Lafayette County, Missouri. Defendants argue that this confirmation qualifies the arbitration as a "judicial determination" and thus satisfies the

---

[45] *Mick*, 766 P.2d at 156.

one-action rule.[46]  But, in *Childs*, the settlement between the child and the driver of the vehicle

was also confirmed by judgment in state district court, and the Kansas Supreme Court found that

the one-action rule did not bar the plaintiff's second lawsuit against another tortfeasor in the same

accident.[47]  Accordingly, in light of *Childs*, the Court also does not know whether, under Kansas

law, the confirmation of an arbitration award by a state court judgment qualifies that award as a

judicial determination of comparative fault.

Having no guidance to decide these issues, the Court exercises its discretion to certify

questions to the Kansas Supreme Court.  K.S.A. § 60-3201 authorizes federal district courts to

certify questions of law to the Kansas Supreme Court if:

> there are involved in any proceeding before it questions of law of this state which
> may be determinative of the cause then pending in the certifying court and as to
> which it appears to the certifying court there is no controlling precedent in the
> decisions of the supreme court and the court of appeals of this state.

A "federal court may certify a state-law issue sua sponte."[48]  The decision to certify is "within the

'sound discretion of the federal court[.]' "[49]  Certification is appropriate where "questions of state

law" are "both unsettled and dispositive."[50]

---

[46] *See L.R. Foy Constr.Co., Inc. v. Prof. Mech. Contractors*, 13 Kan. App. 2d 188, 766 P.2d 196, 202 (1988) (stating that a judgment confirming award of arbitration constitutes a judgment on the merits for purposes of issue preclusion).

[47] *Childs*, 757 P.2d at 303.

[48] *Bruce v. Kelly*, 2021 WL 4284534, at *22 (D. Kan. 2021) (quoting *Kan. Jud. Rev. v. Stout*, 519 F.3d 1107, 1120 (10th Cir. 2008)); *see also* Kan. Stat. Ann. § 60-32-2 (explaining that a court may certify a question under § 60-3201 "upon the court's own motion").

[49] *Id*. (quoting *Hartford Ins. Co. v. Cline*, 427 F.3d 715, 716-17 (10th Cir. 2005)) (further citation and quotations omitted).

[50] *Id*. (quoting *Dorman v. Satti*, 862 F.2d 432, 435 (2d Cir. 1988)).

Here, resolving the issue of how and when an arbitration proceeding qualifies as a judicial determination of comparative fault is determinative of Plaintiff's claims.  If an arbitration action involving one potential tortfeasor and confirmed by judgment in state court qualifies as a judicial determination of comparative fault, then Plaintiff's claims are barred by the one-action rule.  There are no disputed fact issues and the questions presented are purely questions of state law. Additionally, the parties and the Court have thoroughly reviewed Kansas case law discussing the one-action rule and found no controlling precedent.  Therefore, the Court certifies the following questions to the Kansas Supreme Court:

1.  Under Kansas law, does an arbitration action qualify as a judicial determination of comparative fault where no other potential tortfeasors were involved in the arbitration?

2.  If it does not, then under Kansas law, does the confirmation of an arbitration award by state court judgment qualify as a judicial determination of comparative fault in light of *Childs*?

Because the Court has certified two questions to the Kansas Supreme Court regarding the one-action rule, Defendants' Motion for Summary Judgment is abated pending resolution of these questions.

**IT IS THEREFORE ORDERED** that the two questions of law identified above are certified to the Kansas Supreme Court.  The Court directs the Clerk of this Court to forward to the Kansas Supreme Court a copy of this Memorandum and Order, along with copies of the briefs and exhibits submitted by the parties supporting and opposing Defendants' Motion for Summary Judgment (Doc. 51).  The Clerk shall also comply with any subsequent requests made by the Kansas Supreme Court for the original or copies of all or any portion of the record in this case.

**IT IS FURTHER ORDERED** that Defendants Motion for Summary Judgment (Doc. 51) is abated pending resolution of the certified questions in this Memorandum and Order.

**IT IS FURTHER ORDERED** that the case is stayed pending the Kansas Supreme Court's resolution of the certified questions.  The Court directs the parties to file a notice with the court within 10 days of the Kansas Supreme Court issuing an order on the two certified questions of law.

**IT IS SO ORDERED**.

Dated this 9th day of November, 2022.


Eric F. Melgren

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE