IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REGAN HODGES, as representative heir at Law; and as Administrator of the ESTATE OF TIMOTHY HUNT, deceased,

    *Plaintiff,*

vs.

WALINGA USA, INC. and WALINGA, INC.,

    *Defendants.*

Case No. 21-CV-01090-EFM-GEB

**MEMORANDUM AND ORDER**

Plaintiff Regan Hodges, as administrator of Timothy Hunt's estate, brings this action against Defendants Walinga USA, Inc., and Walinga, Inc., asserting claims of strict liability and wrongful death following Hunt's death in an agricultural accident. This matter comes before the Court for a second time on Defendants' Motion for Summary Judgment (Doc. 51). Previously, after finding that Defendants' Motion involved an unsettled area of Kansas law, the Court abated the Motion and certified two questions of law to the Kansas Supreme Court. The Kansas Supreme Court has now answered these questions, and the Court proceeds to the merits of Defendants' Motion.[1] Based on the Kansas Supreme Court's guidance, as discussed more fully below, the Court denies summary judgment.

---

[1] In its Memorandum and Order certifying questions of law to the Kansas Supreme Court, the Court directed the parties to notify the Court within 10 days after the Kansas Supreme Court issued its ruling. The parties failed to

## I.     Factual and Procedural Background[2]

Timothy Hunt died in a grain-engulfment accident while operating a Walinga Agri-Vac grain vacuum (the "Grain Vac") at Butts Farm.  On April 2, 2021, Hunt's daughter, Plaintiff Regan Hodges, filed this lawsuit against Defendants for strict liability and wrongful death and seeking damages under Kansas law for Hunt's personal injuries and death.  Plaintiff did not name Butts Farm or attempt to join Butts Farm in this action.  Instead, on July 26, 2021, Plaintiff and Hunt's other heirs at law entered into an arbitration agreement with Bryson Butts, Kurt Butts, Forrest G. Butts Revocable Trust, Delva J. Butts Recovable Trust, Carol Butts Jones, Bradley Butts, Butts' Farm, LLC, Butts Brothers, and any partnerships involved in the Butts Farms (collectively "Butts Farms").  Pursuant to this agreement, Plaintiff and Hunt's other heirs at law pursued an arbitration action against Butts Farms for damages arising out of Hunt's injuries and death.

The Arbitrator conducted a full evidentiary hearing on Plaintiff's and Butts Farms' claims and defenses.  On August 9, 2021, the arbitrator entered his award in favor of Plaintiff and against Butts Farms.  The arbitrator found that Butts Farms failed to exercise reasonable care (1) in guarding Hunt against the dangers present in operating the Grain Vac; (2) in providing safe and suitable machinery for Hunt; (3) in instructing Hunt how to operate the Grain Vac; and (4) in providing Hunt a safe place to work in that Butts Farms required him to use the Grain Vac to remove corn while standing on top of it without supervision or safety equipment. The arbitration

---

do so.  The Court discovered the Kansas Supreme Court's ruling much later than 10 days after it was issued, which is why this Memorandum and Order was delayed.

[2] In accordance with summary judgment procedures, the facts are uncontroverted and set forth in the light most favorable to the non-moving party.

award further included a specific finding that Butts Farms, collectively, and Bryson Butts, individually, were negligent.

The arbitrator awarded damages in the amounts of: (1) $5 million for past non-economic damages and for the conscious pain and suffering Hunt experienced before his death; (2) $7 million for economic damages for Hunt's wrongful death, including loss of parental care, training, guidance, education, and protection; loss of earnings; and reasonable funeral expenses; and (3) $250,000 for noneconomic damages including mental anguish, suffering or bereavement; and loss of society, loss of comfort, or loss of companionship.

On August 10, 2021, Plaintiff filed an Application to Confirm Arbitration Award in the Circuit Court of Lafayette County, Missouri. On August 17, that court entered a Final Judgment and Order Confirming Arbitration Award, which incorporated the findings of fact and conclusions of law set forth in the arbitration award. Butts Farms did not appeal the final judgment.

Plaintiff continued litigating her case against Defendants during the arbitration against Butts Farms. After the arbitration award was confirmed in state court, Defendants filed the present Motion arguing that Plaintiff's claims are barred by the one-action rule under Kansas law. Specifically, Defendants argue that the arbitration proceeding, together with the confirmation in state court, constitutes a judicial proceeding barring Plaintiff's claims. The Court was unable to definitively determine whether Kansas law bars suit against some defendants when a plaintiff has arbitrated claims arising from the same accident against other defendants. The Court thus certified the following questions to the Kansas Supreme Court:

1. Does an arbitration action qualify as a judicial determination of comparative fault where no other potential tortfeasors were involved in the arbitration?

2. Assuming it does not, does the confirmation of an arbitration award by state court judgment qualify as a judicial determination of comparative fault in light of *Childs* [*v. Williams*]³?

On July 21, 2023, the Kansas Supreme Court answered the Court's questions. The Court thus proceeds to the merits of Defendants' Motion.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.⁴ A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.⁵ The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.⁶ If the movant carries its initial burden, the nonmovant may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.⁷ These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone

---

³ 243 Kan. 441, 757 P.2d 302 (1988).

⁴ Fed. R. Civ. P. 56(a).

⁵ *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) *overruled on other grounds by Bertsch v. Overstock.com*, 684 F.3d 1023, 1029 (10th Cir. 2012).

⁶ *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 325 (1986)).

⁷ *Id*. (quoting Fed. R. Civ. P. 56(e)).

cannot survive a motion for summary judgment.[8]  The Court views all evidence and "reasonable inferences in the light most favorable" to the party opposing summary judgment.[9]

### III.     Analysis

Defendants seek summary judgment on Plaintiff's claims based on the one-action rule. This rule "generally requires that, in order to determine the relative fault of various parties, all claims must be presented in a single action."[10]  The rule does not apply, however, in all circumstances.  The Kansas Supreme Court has held that a plaintiff may pursue a separate action against other tortfeasors "when there has been no prior judicial determination of fault."[11]

Defendants argue that the one-action rule bars Plaintiff's claims in this case because the arbitration between Plaintiff and Butts Farms, along with the confirmation of the arbitration award in state court, constitutes a prior judicial determination of fault.  Plaintiff argues in response that the one-action rule does not apply because the arbitration proceeding was not a judicial determination of fault.

In its first certified question to the Kansas Supreme Court, the Court asked whether an arbitration action is a judicial determination of comparative fault when no other potential tortfeasor was involved in the arbitration.  The Kansas Supreme Court answered no.[12]  The court reasoned

---

[8] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).

[9] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (further citation and quotations omitted).

[10] *Hodges v. Walinga*, 532 P.3d 440, 443 (2023).  At the time this Order issued, this case was not published in a Kansas reporter.

[11] *Mick v. Mani*, 244 Kan. 81, 766 P.2d 147, 156 (1988).

[12] *Hodges*, 532 P.3d at 445.

that "Kansas courts generally favor agreements to arbitrate disputes.  Arbitration is consistent with the objectives of the one-action rule in much the same way as other pre-litigation alternatives that the law favors, such as negotiated and mediated settlements.  We will not introduce disincentives to resolving disputes outside the judicial process."[13]  Accordingly, Plaintiff's claims are not barred under the one-action rule because the arbitration between Plaintiff and Butts Farms is not a judicial determination of comparative fault.

This does not end the Court's inquiry.  The arbitration award in this case was confirmed by final judgment in Missouri state court, which raises the question of whether the state court's confirmation of the award converts it to a judicial determination of comparative fault.  The Kansas Supreme Court's ruling in *Childs v. Williams*[14] touches on, but obviously does not resolve, this issue.  In that case, the minor plaintiff settled a lawsuit against one tortfeasor, and the settlement was converted to a judgment with the district court's approval to make it binding.[15]  The plaintiff then sued a second tortfeasor.[16]  The Kansas Supreme Court held that the one-action rule did not bar the plaintiff's second lawsuit because there was no determination of comparative fault in the first action.[17]

In a second certified question to the Kansas Supreme Court, this Court asked whether confirmation of an arbitration award by state court judgment qualifies as a judicial determination

---

[13] *Id*. at 446 (internal citation omitted).

[14] 243 Kan. 441, 757 P.2d 302 (1988).

[15] 757 P.2d at 441-42.

[16] *Id*. at 442.

[17] *Id*. at 443.

of comparative fault in light of *Childs*. The Kansas Supreme Court again answered no.[18] The court explained, "[t]he confirmation process establishes an enforceable judgment. It does not constitute an independent judicial proceeding establishing liability of the parties or comparative fault."[19] The court further explained that the order confirming the arbitration award in this case made no independent factual findings regarding comparative fault and "did not discuss the possible degree of fault by parties that did not participate in the arbitration."[20] According to the court, "[s]imply approving that an award comports with statutory and due process requirements does not amount to a judicial determination of fault."[21]

Based on the Kansas Supreme Court's analysis, the arbitration between Plaintiff and Butts Farm was not a judicial determination of comparative fault even though it was affirmed by state court judgment. Plaintiff's claims are not barred by the one-action rule. Therefore, the Court denies Defendants' Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 51) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of September, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[18] *Hodges*, 532 P.3d at 446.

[19] *Id*.

[20] *Id*.

[21] *Id*.